

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-272-DLB

RICARDO RILEY[1]                                                          PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS, Warden                                       RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Ricardo Riley, an individual presently confined at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. After his original motion to proceed *in forma pauperis* was denied, he paid the requisite filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIM

The petitioner claims that his due process rights have been violated because the U.S. Parole Commission [hereinafter "the Commission"] has not timely set a release date for him, as is required under §235(b)(3) of the Sentencing Reform Act of 1984.

---

[1] Although the petitioner's typewritten pleadings contain a spelling of his name as "Rilley," when the petitioner refers to himself or the Bureau of Prisons refers to him, the name is "Riley," a spelling which this Court will use hereafter.

## ALLEGATIONS

The following is a summary or construction of the allegations in the petitioner's original pleadings [Record Nos. 1-2].

The petitioner gives no information about his conviction and sentence. He identifies himself only as a District of Columbia prisoner over whom the Commission has authority for parole matters, pursuant to the National Capital Revitalization and Self-Government Improvement Act, Pub.L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745, enacted in 1997.

The petitioner claims that the Commission is obligated to set a release date for prisoners who will be incarcerated on the date when the Commission and parole are abolished in favor of a new scheme, which substitutes the United States Sentencing Guidelines and post-incarceration court supervision. *See* Sentencing Reform Act of 1984 ("SRA"). In this legislation, Congress provided as follows:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Pub.L. No. 98-473, Section 235(b)(3), 98 Stat. 2032 (1984). The Commission's original expiration date has been postponed past the original five-year period several times, and at the time of the instant filing, it was set to expire eighteen (18) years after the effective date, *i.e.*, on November 1, 2005. *See* Pub.L. No. 107-273, §11017, 116 Stat. 1758, 1824-25 (2002).

Pursuant to the above-quoted provisions, the petitioner argues, prisoners who expect that they will still be prisoners on October 31, 2005, are entitled to have a release date set prior to that date.

2

Moreover, not only must the date be set prior to November 1, 2005, it must also be set sufficiently prior to that date so that a prisoner may pursue an appeal of the assigned date.[2] He has complained herein that he has not received a release date, and the time for an appeal is shrinking.

Therefore, on August 31, 2005, the petitioner filed the instant cause of action, claiming that because the Commission refused to set a release date for him and he had already missed sufficient time to appeal it by October 31, 2005, his due process rights have been violated. The petitioner cites case law which purportedly supports this proposition.

## DISCUSSION

Between the time that the petitioner filed this action and the day on which he paid the district court filing fee, on September 29, 2005, the United States Congress extended the life of the U.S. Parole Commission for another three years. *See* U.S. Parole Commission Extension and Sentencing Commission Authority Act of 2005, P.L. 109-76, Sec. 2. Therefore, to the extent that the Commission has an affirmative obligation to set parole dates under Section 235(b)(3) of the SRA, it has until October 31, 2008, in which to do so.

Accordingly, the petitioner is not entitled to the relief he seeks and his petition will be denied. Ironically, this result is consistent with *Romano v. Luther*, 816 F.2d 832 (2nd Cir. 1987), upon which the petitioner relies. In *Romano*, the Second Circuit held that the petitioner was premature in asking for a release date several years in advance of the then-expiration date of October 31, 1992. Substituting the current expiration dates, that court's conclusion would read as follows:

> We hold that subsection of 235(b)(3) . . . is now in effect, and that it requires the Parole Commission to set parole release dates within the applicable guideline ranges

---

[2] The Court notes that in *Simmons v. Keohane*, 1998 WL 124336 (6th Cir. 1998) (Unpublished)), the Sixth Circuit estimated that the time for an appeal would take up to 3 months.

3

only for prisoners who will be in prison on October 31, 2008, the day before the end of the . . . transition period, [and] that it requires no action by the Commission until a time sufficiently in advance of November 1, 2008, to afford prisoners an opportunity to pursue administrative remedies before November 1, 2008 . . . .

816 F.2d at 842 (modified by the undersigned as to relevant dates).

The Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)     Petitioner Riley's petition for writ of habeas corpus is **DENIED**, *sua sponte*;

(2)     the action herein will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

This 2nd day of December, 2005

Signed By:
David L. Bunning
United States District Judge